## (February 17, 1969)

■      In the Matter of WALTER MACLYN CONLON, an Attorney.—Pursuant to statute (Code Crim. Pro., § 485-b) the Clerk of the Supreme Court, Westchester County, has transmitted to this court a certified extract of the minutes of a judgment rendered in said court January 28, 1969, which states· that the above-named Walter Maclyn Conlon (who was admitted to practice by this Appellate Division of the Supreme Court on October 22, 1952) was found guilty of taking unlawful fees in violation of section 1826 of the Penal Law, a felony, at a Criminal Term of the Supreme Court, Westchester County, and that on January 28, 1969 sentence was imposed by said Supreme Court. Accordingly, by virtue of subdivision 4 of section 90 of the Judiciary Law, said Walter Maclyn Conlon has ceased to be an attorney and counselor at law or competent to practice law as such. On this court's own motion, an order will be entered directing that the name of said Walter Maclyn Conlon be forthwith struck from the roll of attorneys and counselors at law. [Pursuant to a prior order of this court, entered October 26, 1967, a preliminary investigation was directed to be made of certain allegations of professional misconduct on the part of said attorney; such investigation was had; and a report thereon, dated June 20, 1968, was received by this court on that date.] Beldock, P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■      JOHN J. BRADBURY, Appellant, v. VIOLA FARBER et al., Defendants. LEAHEY & JOHNSON, Respondents.— Appeal by plaintiff, as limited by his brief, from so much of an order of the Supreme Court, Queens County, dated October 2, 1968, as, in granting his motion for substitution of his attorneys, and without a hearing, fixed the fee of respondents as outgoing attorneys at 10% of any recovery in the case and granted them a lien therefor and for their disbursements. Order modified, on the law, by (1) striking out the third decretal paragraph thereof, which fixed the fee and granted the lien, and (2) providing in lieu thereof that a hearing shall be held at Special Term and a new determination made on the issue of the amount of the fee and lien, in accordance with the memorandum herein. As so modified, order affirmed insofar as appealed from, without costs. The findings of fact below have not been affirmed. In this personal injury negligence action, plaintiff, a former employee of the outgoing attorneys, sought to substitute attorneys. The case has not yet come to trial and there is still work to be done. After the outgoing attorneys asked for 50% of the attorneys' fee to consent to the substitution, plaintiff made the motion under review to have the fee determined on a *quantum meruit* basis. Plaintiff and the outgoing attorneys requested that a hearing be conducted. It is well established that either the plaintiff or his outgoing attorney may object to the fixation of a fee on a percentage formula (*Brown* v. *Moffitt,* 5 A D 2d 1002). As this court held in *Finkelstein* v. *Cauldwell Wingate Co.* (29 A D 2d 943): "it is unfair and premature to fix an outgoing attorney's fee on a percentage formula when there is still work to be done in the case and where no recovery figures are available (*Kern* v. *Karnbach,* 27 A D 2d 954;  *  *  *)." Respondents thus have the option of acceding to plaintiff's demand for a presently fixed *quantum meruit* fee or of seeking a percentage fee " still on the basis of *quantum meruit* " at the conclusion of the case (*Finkelstein* v. *Cauldwell Wingate Co., supra*). Beldock, P. J., Benjamin, Munder, Martuscello and Kleinfeld, JJ., concur.