■ CATHERINE RIZZI, as Administratrix of the Estate of JOHN RICCIARDI, Deceased, Plaintiff, v CITY OF NEW YORK, Defendant. CITY OF NEW YORK, Third-Party Plaintiff, v ANCHOR DEMOLITION CORP. et al., Third-Party Defendant. CATHERINE RIZZI et al., Appellants; and SCHWARTZ & WEINTRAUB, Respondent.—Order, Supreme Court, New York County, entered October 21,

1975, *inter alia,* fixing a lien for the outgoing attorneys as a percentage of the recovery in the action at the conclusion of the case on the bases of *quantum meruit* and conditioning turnover of the file on payment of $445.60 of the alleged disbursements incurred on plaintiff's behalf, unanimously modified so as to delete the reference to Harold C. Fields, Esq., as a participant in the outgoing attorneys' lien and to provide that disbursements should be paid out of the proceeds of the action, if any, and, therefore, to delete as a condition of the turnover of the file the payment of any sum whatsoever, and, as so modified, the order is affirmed, without costs and disbursements. In this wrongful death action, plaintiff retained the outgoing attorneys, Schwartz and Weintraub, under a contingent agreement executed on August 18, 1969 and on April 3, 1970. Subsequently, plaintiff's retained attorneys, in turn, retained trial counsel (Harold C. Fields, Esq.) without the permission, knowledge or consent of the plaintiff. It appears that other subretainers were also entered into. In June, 1975 an offer of settlement was rejected by the widow and new counsel substituted on July 10, 1975. The latter promptly moved for a turnover of the file, conceding that outgoing counsel was entitled to a lien on a *quantum meruit* basis, but opposing a lien for any attorney other than the one retained by the plaintiff. In view of the position taken by plaintiff's new counsel on their motion before Special Term, the order appealed from properly fixed the lien of the outgoing attorneys in accordance with the rule enunciated in *Bradbury v Farber* (31 AD2d 824). However, Mr. Field was erroneously permitted to participate in that lien. The record clearly establishes that plaintiff never consented to the retention of Mr. Fields, who was not, therefore, her attorney entitled to a lien on the file. As to conditioning turnover of the file on payment of $445.60 of the alleged disbursements incurred on plaintiff's behalf, the outgoing attorney concedes that such amount improperly includes $125 advanced to another attorney. Even so, the outgoing attorney agreed to take the risk of recovery in the original retainer, not only as to his fee, but also as to disbursements. The proper course is to defer payment of disbursements out of the proceeds of any recovery (see *Schwed v Parks,* 14 AD2d 806). Concur—Murphy, J. P., Lupiano, Birns, Silverman and Lane, JJ.